MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

| | |
|---|---|
| LORENA MARTINEZ AGUILAR and MANUEL CARRANZA CAYETANO, *individually and on behalf of others similarly situated,* | **COMPLAINT** |
| *Plaintiffs*, | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)** |
| -against- | |
| VBFS INC.  (D/B/A M & M MARKET DELI), VIRGILIO BRANCO, and FERNANDO PINHO SANCHES, | **ECF Case** |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiffs Lorena Martinez Aguilar and Manuel Carranza Cayetano, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against VBFS Inc. (d/b/a M & M Market Deli), ("Defendant Corporation"), Virgilio Branco and Fernando Pinho Sanches, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are both current and former employees of Defendants VBFS Inc. (d/b/a M & M Market Deli), Virgilio Branco, and Fernando Pinho Sanches.

2.      Defendants own, operate, or control a deli, located at 529 Broome Street, New York, NY 10013 under the name "M & M Market Deli".

3.      Upon information and belief, individual Defendants Virgilio Branco and Fernando Pinho Sanches, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the deli as a joint or unified enterprise.

4.      Plaintiffs have been employed as a delivery worker and a cashier at the deli located at 529 Broome Street, New York, NY 10013.

5.      Plaintiff Manuel Carranza Cayetano has ostensibly been employed as a delivery worker. However, he has  been required to spend a considerable part of his work day performing non-tipped duties, including but not limited to stocking deliveries and sodas, taking out trash, cutting and cleaning potatoes, cleaning and shoveling snow outside of the deli (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they have worked.

7.      Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they have had to work over 10 hours a day.

9.      Furthermore, Defendants have repeatedly failed to pay Plaintiffs wages on a timely basis.

10.    Defendants have employed and accounted for Plaintiff Manuel Carranza Cayetano as a delivery worker in their payroll, but in actuality his duties have required a significant amount of time spent performing the non-tipped duties alleged above.

11.    Regardless, at all relevant times, Defendants have paid Plaintiff Manuel Carranza Cayetano at a rate that is lower than the required tip-credit rate.

12.    However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because Plaintiff Manuel Carranza Cayetano's non-tipped duties have exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.    Upon information and belief, Defendants have employed the policy and practice of disguising Plaintiff Manuel Carranza Cayetano's actual duties in payroll records by designating them as a delivery worker instead of a non-tipped employee. This has allowed Defendants to avoid paying Plaintiff Manuel Carranza Cayetano at the minimum wage rate and has enabled them to pay them at the lowered tip-credit rate (which they still have failed to do).

14.    Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

15.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New

York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

19.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## PARTIES

*Plaintiffs*

20.    Plaintiff Lorena Martinez Aguilar ("Plaintiff Martinez" or "Ms. Martinez") is an adult individual residing in Kings County, New York.

21.    Plaintiff Martinez was employed by Defendants at M&M Market Deli from approximately May 2008 until on or about July 2014.

22.    Plaintiff Manuel Carranza Cayetano ("Plaintiff Carranza" or "Mr. Carranza") is an adult individual residing in New York County, New York.

23.   Plaintiff Carranza has been employed by Defendants at M&M Market Deli from approximately the summer of 1998 until the present date.

*Defendants*

24.   At all relevant times, Defendants own, operate, or control a deli, located at 529 Broome Street, New York, NY 10013 under the name "M & M Market Deli".

25.   Upon information and belief, VBFS Inc. (d/b/a M & M Market Deli) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 529 Broome Street, New York, NY 10013.

26.   Defendant Virgilio Branco is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Virgilio Branco is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Virgilio Branco possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.   Defendant Fernando Pinho Sanches is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Fernando Pinho Sanches is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Fernando Pinho Sanches possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of

Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

28.   Defendants operate a deli located in the SoHo section of Manhattan in New York City.

29.   Individual Defendants, Virgilio Branco and Fernando Pinho Sanches, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

30.   Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.   Each Defendant possesses substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

32.   Defendants jointly employ Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33.   In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

34.   Upon information and belief, Individual Defendants Virgilio Branco and Fernando Pinho Sanches operate Defendant Corporation as either an alter ego of themselves and/or failed to

operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of their own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

35.   At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

36.   Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.   In each year from 2013 to 2019, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.   In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

39.   Plaintiffs are both current and former employees of Defendants who have been employed as a cashier and ostensibly as a delivery worker. However, Plaintiff Manuel Carranza Cayetano has spent over 20% of his work time performing the non-tipped non-delivery tasks outlined above at the deli.

40.   Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Lorena Martinez Aguilar*

41.   Plaintiff Martinez was employed by Defendants from approximately May 2008 until on or about July 2014.

42.   Defendants employed Plaintiff Martinez as a cashier.

43.   Plaintiff Martinez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

44.   Plaintiff Martinez's work duties required neither discretion nor independent judgment.

45.   Throughout her employment with Defendants, Plaintiff Martinez regularly worked in excess of 40 hours per week.

46.     From approximately January 2013 until on or about July 2014, Plaintiff Martinez worked from approximately 7:00 a.m. until on or about 4:30 p.m., 6 days a week, three weeks a month and from approximately 7:00 a.m. until on or about 4:30 p.m., 7 days a week, one week a month (typically 57 to 66.5 hours per week).

47.     Throughout her employment, Defendants paid Plaintiff Martinez her wages in cash.

48.     From approximately January 2013 until on or about July 2014, Defendants paid Plaintiff Martinez $8.50 per hour.

49.     Plaintiff Martinez's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

50.     For example, Defendants required Plaintiff Martinez to work an additional 5 to 6 hours past her scheduled departure time on holidays and 30 minutes past her scheduled departure time every day, and did not pay her for the additional time she worked.

51.     Defendants never granted Plaintiff Martinez uninterrupted breaks or meal periods.

52.     Plaintiff Martinez was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

53.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Martinez regarding overtime and wages under the FLSA and NYLL.

54.     Defendants did not provide Plaintiff Martinez an accurate statement of wages, as required by NYLL 195(3).

55.     Defendants did not give any notice to Plaintiff Martinez, in English and in Spanish (Plaintiff Martinez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56.     Defendants required Plaintiff Martinez to purchase "tools of the trade" with her own funds—including coats, gloves, scarves and hats.

*Plaintiff Manuel Carranza Cayetano*

57.     Plaintiff Carranza has been employed by Defendants from approximately the summer of 1998 until the present date.

58.     Defendants have ostensibly employed Plaintiff Carranza as a delivery worker.

59.     However, Plaintiff Carranza has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

60.     Although Plaintiff Carranza has ostensibly been employed as a delivery worker, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

61.     Plaintiff Carranza has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

62.     Plaintiff Carranza's work duties have required neither discretion nor independent judgment.

63.     Throughout his employment with Defendants, Plaintiff Carranza has regularly worked in excess of 40 hours per week.

64.     From approximately January 2013 until on or about June 2018, Plaintiff Carranza worked from approximately 7:00 a.m. until on or about 5:00 p.m., 6 days a week (typically 60 hours per week).

65.     From approximately July 2018 until the present date, Plaintiff Carranza has worked from approximately 7:00 a.m. until on or about 4:00 p.m., 6 days a week (typically 54 hours per week).

66.    Throughout his employment, Defendants have paid Plaintiff Carranza his wages in cash.

67.    From approximately January 2013 until on or about December 2014, Defendants paid Plaintiff Carranza a fixed salary of $250 per week.

68.    From approximately January 2015 until on or about December 2015, Defendants paid Plaintiff Carranza a fixed salary of $300 per week.

69.    From approximately January 2016 until on or about December 2016, Defendants paid Plaintiff Carranza a fixed salary of $350 per week.

70.    From approximately January 2017 until on or about December 2017, Defendants paid Plaintiff Carranza a fixed salary of $400 per week.

71.    From approximately January 2018 until on or about June 2018, Defendants paid Plaintiff Carranza a fixed salary of $450 per week.

72.    From approximately July 2018 until on or about December 2018, Defendants paid Plaintiff Carranza a fixed salary of $500 per week.

73.    From approximately January 2019 until the present date, Defendants have paid Plaintiff Carranza a fixed salary of $594 per week.

74.    Plaintiff Carranza's pay has never varied even when he has been required to stay later or work a longer day than his usual schedule.

75.    For example, Defendants have required Plaintiff Carranza to work an additional 15 minutes past his scheduled departure time every day, and have not paid him for the additional time he has worked.

76.    Defendants have seldom ever granted Plaintiff Carranza any breaks or meal periods of any kind.

77.    Plaintiff Carranza has never been notified by Defendants that his tips are being included as an offset for wages.

78.    Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Carranza's wages.

79.    Plaintiff Carranza has not been required to keep track of his time, nor to his knowledge, have the Defendants utilized any time tracking device such as punch cards, that accurately reflect his actual hours worked.

80.    No notification, either in the form of posted notices or other means, has ever been given to Plaintiff Carranza regarding overtime and wages under the FLSA and NYLL.

81.    Defendants have never provided Plaintiff Carranza an accurate statement of wages, as required by NYLL 195(3).

82.    Defendants have never given any notice to Plaintiff Carranza, in English and in Spanish (Plaintiff Carranza's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

83.    Defendants have required Plaintiff Carranza to purchase "tools of the trade" with his own funds—including four bicycles and repairments and maintenance.

*Defendants' General Employment Practices*

84.    At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

85.   Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

86.   Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and have resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

87.   Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

88.   Defendants have required Plaintiff Carranza and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

89.   Plaintiff Carranza and all similarly situated employees, have ostensibly been employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

90.   Plaintiff Carranza's duties have not been incidental to his occupation as a tipped worker, but instead have constituted entirely unrelated general deli work with duties, including the non-tipped duties described above.

91.   For most of their employment, Plaintiff Carranza and all other tipped workers have been paid at a rate that is lower than the required tipped credit rate by Defendants.

92.   However, under state law, Defendants are not entitled to a tip credit because the tipped worker's and Plaintiff Carranza's non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

93.   New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips

are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

94.     In violation of federal and state law as codified above, Defendants have classified Plaintiff Carranza and other tipped workers as tipped employees, and have paid them at a rate that is lower than the required tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

95.     Defendants have failed to inform Plaintiff Carranza, who received tips, that Defendants intended to take a deduction against Plaintiff Carranza's earned wages for tip income, as required by the NYLL before any deduction may be taken.

96.     Defendants have failed to inform Plaintiff Carranza, who received tips, that his tips are being credited towards the payment of the minimum wage.

97.     Defendants have failed to maintain a record of tips earned by Plaintiff Carranza, who has worked as a delivery worker for the tips he received.

98.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

99.     Defendants have paid Plaintiffs their wages in cash.

100.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

101.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

102.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

103.    Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

104.    Defendants have failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

105.    Defendants have failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a

mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

**FLSA COLLECTIVE ACTION CLAIMS**

106.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

107.    At all relevant times, Plaintiffs and other members of the FLSA Class have been similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records, as required under the FLSA.

108.    The claims of Plaintiffs stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA**

109.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

110.    At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), have controlled the terms and conditions of their employment, and have determined the rate and method of any compensation in exchange for their employment.

111. At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

112. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

113. Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

114. Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

115. Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

116. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

117. Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

118. Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

119. Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

120. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

121.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants have had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

122.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

123.     Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

124.     Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

125.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

127.     Defendants' failure to pay Plaintiffs overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

128.     Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

129.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours has exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

131.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours is willful within the meaning of NYLL § 663.

132.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

133.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

134.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

135.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

**OF THE NEW YORK LABOR LAW**

136.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

137.   With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

138.   Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

139.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

140.   Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

141.   Plaintiffs have been damaged in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**

**VIOLATION OF THE TIMELY PAYMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

142.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

143.    Defendants have not paid Plaintiffs on a regular weekly basis, in violation of NYLL §191.

144.    Defendants are liable to each Plaintiff in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(f)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants have violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants have violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)     Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order are willful as to Plaintiffs;

(n)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent

(100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)    Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
         January 22, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 15, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Manuel Carranza Cayetano

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     15 de enero 2019

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

———————

Faillace@employmentcompliance.com

January 15, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Lorena Martinez Aguilar

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      15 de enero 2019

*Certified as a minority-owned business in the State of New York*