**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

LORENA MARTINEZ AGUILAR,
MANUEL CARRANZA CAYETANO,
FIDADELFO BALDEMAR ROJAS LOPEZ,
FLORINDO FLORES-RAMALES, and LUIS
ALBERTO ROMANO PAREJA,

                              *Plaintiffs*,

                    -against-

VBFS INC.  (D/B/A M & M MARKET
DELI), VIRGILIO BRANCO, and
FERNANDO PINHO SANCHES,

                    Defendant(s).

-------------------------------------------------------X

**19-CV—00621 (GHW)**

**[PROPOSED] PRETRIAL ORDER**

Honorable Gregory H. Woods, United States District Judge:

The parties propose the following statements, directions and agreements as the

Pre-trial Order:

**i.**     *Caption***:**

        Lorena Martinez Aguilar, Manuel Carranza Cayetano, Fidadelfo Baldemar

        Rojas Lopez, Florindo Flores-Ramales, and Luis Alberto Romano Pareja v.

        VBFS Inc. (d/b/a M & M Market Deli), Virgilio Branco and Fernando Pinho

        Sanches.

**ii.**    *Parties and Counsel***:**

        **a. Plaintiffs:**

        Joshua S. Androphy, Esq.
        Yolanda Rivero, Esq.
        MICHAEL FAILLACE & ASSOCIATES, P.C.

60 East 42nd Street, Suite 4510
New York, NY 10165
Tel.: 212-317-1200
Fax: 212-317-1620
jandrophy@faillacelaw.com
yrivero@faillacelaw.com

**b. Defendants:**

Nils C. Shillito, Esq.
STEPHEN D. HANS & ASSOCIATES, PC
30-30 Northern Boulevard, Suite 401
Long Island City, New York 11101
Tel: 718.275.6700
Fax: 718.275.6704
nshillito@hansassociates.com

**iii.**      ***Jurisdiction:***

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 pursuant to

claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*

("FLSA"), and supplemental jurisdiction over Plaintiffs' state law claims is conferred by

28 U.S.C. § 1367(a).

The parties agree that this Court has jurisdiction over the claims asserted in this

action.

**iv.**      ***Claims and Defenses:***

This is an action for money damages brought by Plaintiffs Lorena Martinez

Aguilar, Manuel Carranza Cayetano, Fidadelfo Baldemar Rojas Lopez, Florindo Flores-

Ramales, and Luis Alberto Romano Pareja. Plaintiffs bring this suit alleging minimum

and overtime violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*

("FLSA"), violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"),

and the Hospitality Wage Order of the New York Commission of Labor codified at N.Y.

Comp. Codes R. & Regs. tit. 12, § 146.   Plaintiffs assert the following claims which remain to be tried.

1.     **Violation of the Minimum Wage Provisions of the FLSA.**  Plaintiffs allege that Defendants VBFS Inc. (d/b/a M & M Market Deli), Virgilio Branco and Fernando Pinho Sanches were their employers and willfully failed to pay them the applicable hourly minimum wage rate.  29 U.S.C. §§ 206, 216, 255(a).

In response, Defendants deny liability.

2.     **Violation of the Overtime Provisions of the FLSA**.   Plaintiffs allege that Defendants VBFS Inc. (d/b/a M & M Market Deli), Virgilio Branco and Fernando Pinho Sanches were their employers and willfully failed to pay him the applicable overtime wage rate for all hours above 40 worked in a week.  29 U.S.C. §§ 207, 216, 255(a).

In response, Defendants admit that Plaintiffs were not paid the required half-time premium overtime compensation for any hours worked in excess of 40 per week, but deny that Plaintiffs worked the number of hours that they claim.

3.     **Violation of the New York Minimum Wage Provisions.**  Plaintiffs allege that Defendants VBFS Inc. (d/b/a M & M Market Deli), Virgilio Branco and Fernando Pinho Sanches were their employers and willfully failed to pay them the applicable hourly minimum wage rate.  NYLL §§652(1), 663.

In response, Defendants deny liability.

4.     **Violation of the New York Overtime Provisions**.  Plaintiffs allege that Defendants VBFS Inc. (d/b/a M & M Market Deli), Virgilio Branco and Fernando Pinho Sanches were their employers and willfully failed to pay them the applicable overtime

wage rate for all hours above 40 worked in a week.  NYLL §§190, *et seq.*; 12 NYCRR §146-1.4.

In response, Defendants admit that Plaintiffs were not paid the required half-time premium overtime compensation for any hours worked in excess of 40 per week, but deny that Plaintiffs worked the number of hours that they claim.

5.     **Violation of the New York Spread of Hours Provisions.** Plaintiff Florindo Flores Ramales alleges that VBFS Inc. (d/b/a M & M Market Deli), Virgilio Branco and Fernando Pinho Sanches were his employers and failed to pay him an additional hour's pay for each day that the interval between the beginning and end of his workdays was more than ten hours.  12 NYCRR § 146-1.6.

In response, Defendants admit that Florindo Flores Ramales was not paid required spread-of-hours pay for certain days on which the interval between the beginning and end of his workday was more than ten hours.  However, the Defendants deny that Plaintiff Florindo Flores Ramales worked the number of hours or the number of spread-of-hours days that he claims.

6.     **Violation of the New York Notice and Recordkeeping Provisions.** Plaintiffs allege that Defendants VBFS Inc. (d/b/a M & M Market Deli), Virgilio Branco and Fernando Pinho Sanches failed to provide Plaintiffs with a written notice at the time of hiring, or within the first month each year they worked for Defendants, in English and in Spanish (their primary language), of (1) the employee's rate of pay; (2) the overtime rate of pay; (3) the basis for the employee's pay (e.g., hourly, daily, weekly, salary, commission, and so forth); (4) all allowances claimed as part of the minimum wage (e.g., tips, meals, or lodging allowances); (5) the employee's regular pay day; (6) the name of

the employer, including whether the employer is "doing business as" under any other name; (7) the employer's address; and (8) the employer's telephone number. NYLL 195(1); NYLL 198.

In response, Defendants deny liability. As Plaintiffs were hired prior to the effective date of the NYS Wage Theft Prevention Act (April 9, 2011), they cannot be liable for money damages due to alleged failure to provide the written notice required by NYLL 195(1). Defendants also assert the affirmative defense set forth in NYLL 198(1-b) that they made complete and timely payment of all wages due to the Plaintiffs as required by the provisions of Articles 6 and 19 of the NYLL.

7.      **Violation of the New York Wage Statement Provision.**  Plaintiffs allege that Defendants VBFS Inc. (d/b/a M & M Market Deli), Virgilio Branco and Fernando Pinho Sanches did not provide them with wage statements upon each payment of wages containing (1) the dates the payment of wages covers; (2) the name of both the employee and employer; (3) the employer's address and telephone number; (4) the rate and basis of pay; (5) gross wages; (6) deductions; (7) allowances (if applicable); and (8) net wages. NYLL §195(3).

In response, Defendants deny liability. Defendants assert the affirmative defense set forth in NYLL 198(1-b) that they made complete and timely payment of all wages due to the Plaintiffs as required by the provisions of Articles 6 and 19 of the NYLL.

8.      **Violation of the "Tools of the Trade" Provisions.**  Plaintiff Manuel Carranza Cayetano alleges that Defendants VBFS Inc. (d/b/a M & M Market Deli), Virgilio Branco and Fernando Pinho Sanches required him to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and

"tools of the trade" required to perform their jobs, further reducing his wages in violation

of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193

and 198-b.

In response, Defendants deny liability.

The following claims are not to be tried, as Plaintiffs will dismiss them:

1.        "Tools of the Trade" claim by Lorena Martinez Aguilar.

2.        Violation of the timely payment provision of the New York Labor Law.

**v.**        ***Jury or Bench Trial and Length of Trial***:

The parties anticipate that the trial will last approximately four to five days,

including jury selection and charging the jury, and is to be by jury.

**vi.**        ***Consent to Trial by Magistrate Judge***

The parties have not consented to trial by a Magistrate Judge.

**vii.**        ***Stipulations:***

 The parties stipulate as to the following

**PROPOSED JOINT STIPULATIONS OF FACT**

1.        Lorena Martinez Aguilar and Manuel Carranza Cayetano filed this present

action in the United States District Court in the Southern District of New York on

January 22, 2019 against VBFS Inc. (d/b/a M & M Market Deli), Virgilio Branco and

Fernando Pinho Sanches.

2.        Defendants VBFS Inc. (d/b/a M & M Market Deli), Virgilio Branco and

Fernando Pinho Sanches were all timely served with the complaint.

3.      M & M Market Deli is a deli and grocery store located at 529 Broome Street, New York, NY 10013.

4.      All Plaintiffs are former employees of all Defendants.

5.      VBFS Inc. is a corporation organized under the laws of the state of New York and maintains its principal executive office at 529 Broome Street, New York, NY 10013.

6.      VBFS had annual gross sales in excess of $500,000.00 during the years 2016, 2017 and 2018.

**PROPOSED JOINT STIPULATIONS OF LAW**

1.      This Court has subject matter jurisdiction for Plaintiffs' claims under 28 U.S.C. § 1331 pursuant to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

2.      Plaintiffs' claims arising under New York law are so related to the FLSA claims that they form part of the same case or controversy, and are therefore within the supplemental jurisdiction of the court.  28 U.S.C. § 1367.

3.      Under both federal and New York state law, an employee must be paid a minimum wage.  29 U.S.C. §206; N.Y. Lab. Law §652.

4.      At all times relevant to this action, the minimum wage rate under the FLSA was $7.25 per hour. 29 U.S.C. §206.

5.      In 2013 the minimum wage rate pursuant to the New York Labor Law was $7.25.   NYLL  §652;   N.Y.C.R.R.  §146-1.2.    From December 31, 2013 through December 30, 2014, the minimum pursuant to the New York Labor Law was $8.00 per

hour.  NYLL §652;  N.Y.C.R.R. §146-1.2.   From December 31, 2014 through December 30, 2015, the minimum wage rate pursuant to the New York Labor Law was $8.75 per hour.  NYLL §652;  N.Y.C.R.R. §146-1.2.   From December 31, 2015 through December 30, 2016, the minimum wage rate pursuant to the New York Labor Law was $9.00. NYLL §652;  N.Y.C.R.R. §146-1.2. From December 31, 2016 through December 30, 2017, the applicable minimum wage rate pursuant to the New York Labor law was $11.00 for New York City employers with 11 or more employees and $10.50 for New York City employers with 10 or fewer employees.  NYLL §652;  N.Y.C.R.R. §146-1.2. From December 31, 2017 through 2018, the applicable minimum wage rate pursuant to the New York Labor Law was $13.00 for New York City employers with 11 or more employees and $12.00 for New York City employers with 10 or fewer employees. NYLL §652;  N.Y.C.R.R. §146-1.2.  From December 31, 2018 through 2019, the applicable minimum wage rate pursuant to the New York Labor Law was $15.00 for New York City employers with 11 or more employees and $13.50 for New York City employers with 10 or fewer employees. NYLL §652;  N.Y.C.R.R. §146-1.2.

6.       The statute of limitations for FLSA actions is two years, or three in cases of "willful" violations. 29 U.S.C. §255.

7.       The statute of limitations under the New York Labor Law is six years.

8.       Under both federal and New York state law, a non-exempt employee must be paid at the rate of one and one-half times the employee's regular hourly rate for each hour the employee works in excess of 40 hours in a given workweek.  29 U.S.C. § 207(2)(C); 12 N.Y.C.R.R. §146-1.4.

9.      Overtime pay under the FLSA is calculated by applying a multiplier of one and one half to an employee's "regular rate" of pay. 29 C.F.R. § 778.107; 29 U.S.C. § 207(a)(1).

10.      Under the FLSA, an employee-plaintiff bears the burden that he/she performed work for which he/she was not properly compensated.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

11.      "[T]he plaintiff must produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  *Daniels v. 1710 Realty LLC*, No 10 Civ. 22, 2011 WL 3648245, at *4 (E.D.N.Y. Aug. 17, 2011).

12.      Under the NYLL, when an employee is paid a rate other than an hourly rate (such as a weekly or daily rate), the employee's regular rate of pay is determined by dividing the weekly pay by the lesser of 40 hours or the hours the employee worked in the week.  12 N.Y.C.R.R. §146-3.5

13.      Under the NYLL, an employee whose workday exceeds an interval of ten (10) or more hours is entitled to receive "spread of hours" pay for that day, i.e., an additional one-hour's pay at the applicable minimum wage rate.  12 N.Y.C.R.R. § 146-1.6.  Spread-of-hours pay is excluded from the regular rate for the purposes of calculating overtime pay.  12 N.Y.C.R.R. § 146-1.6(c).

**viii.**      *Witnesses***:**

Plaintiff's Prospective Witnesses

1. Lorena Martinez Aguilar, in person.  Will testify as to her employment with Defendants, including her job responsibilities, hours worked, pay received, and Defendants' policies.

2. Manuel Carranza Cayetano, in person. Will testify as to his employment with Defendants, including his job responsibilities, hours worked, pay received, and Defendants' policies.

3. Fidadelfo Baldemar Rojas Lopez, in person.  Will testify as to his employment with Defendants, including his job responsibilities, hours worked, pay received, and Defendants' policies.

4. Florindo Flores-Ramales, in person.  Will testify as to his employment with Defendants, including his job responsibilities, hours worked, pay received, and Defendants' policies.

5. Luis Alberto Romano Pareja, in person.  Will testify as to his employment with Defendants, including his job responsibilities, hours worked, pay received, and Defendants' policies.

6. Virgilio Branco, in person.  Adverse witness.  Will testify as to the dates and hours worked by Plaintiffs and the wages paid to Plaintiffs.

7. Fernando Pinho Sanches.  Adverse witness.  Will testify as to the dates and hours worked by Plaintiffs and the wages paid to Plaintiffs.

Plaintiff reserves the right to call records custodians, if necessary, to authenticate or otherwise lay the foundation for admission of any evidence identified for trial purposes. Plaintiff reserves the right to call additional witnesses to rebut defendants'

witnesses' testimony, and to use deposition testimony in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure.

Plaintiff will testify through a Spanish language interpreter.

<u>Defendants' Prospective Witnesses</u>

1.    Virgilio Branco, in person.  Will testify as to the payroll and timekeeping policies and procedures of VBFS, Inc. d/b/a M&M Market Deli, the terms and conditions of the Plaintiffs' employment, the hours worked by Plaintiffs and wages paid to plaintiffs, and all other related issues.

2.    Fernando Pinho Sanches, in person.   Will testify as to the payroll and timekeeping policies and procedures of VBFS, Inc. d/b/a M&M Market Deli, the terms and conditions of the Plaintiffs' employment, the hours worked by Plaintiffs and wages paid to plaintiffs, and all other related issues.

3.    Lorena Martinez Aguilar, in person. Adverse witness. May be called to testify as to the payroll and timekeeping policies and procedures of VBFS, Inc. d/b/a M&M Market Deli, the terms and conditions of the Plaintiffs' employment, the hours worked by Plaintiffs and wages paid to plaintiffs, and all other related issues.

4.    Manuel Carranza Cayetano, in person. Adverse witness. May be called to testify as to the payroll and timekeeping policies and procedures of VBFS, Inc. d/b/a M&M Market Deli, the terms and conditions of the Plaintiffs'

employment, the hours worked by Plaintiffs and wages paid to plaintiffs, and all other related issues.

5.      Fidadelfo Baldemar Rojas Lopez, in person. Adverse witness.  May be called to testify as to the payroll and timekeeping policies and procedures of VBFS, Inc. d/b/a M&M Market Deli, the terms and conditions of the Plaintiffs' employment, the hours worked by Plaintiffs and wages paid to plaintiffs, and all other related issues..

6.      Florindo Flores-Ramales, in person. Adverse witness.  May be called to testify as to the payroll and timekeeping policies and procedures of VBFS, Inc. d/b/a M&M Market Deli, the terms and conditions of the Plaintiffs' employment, the hours worked by Plaintiffs and wages paid to plaintiffs, and all other related issues.

7.      Luis Alberto Romano Pareja, in person. Adverse witness.  May be called to testify as to the payroll and timekeeping policies and procedures of VBFS, Inc. d/b/a M&M Market Deli, the terms and conditions of the Plaintiffs' employment, the hours worked by Plaintiffs and wages paid to plaintiffs, and all other related issues.

Defendants reserve the right to call records custodians, if necessary, to authenticate or otherwise lay the foundation for admission of any evidence identified for trial purposes. Defendants reserve the right to call additional witnesses to rebut Plaintiffs' witnesses' testimony, and to use deposition testimony in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure.

Virgilio Branco and Fernando Pinho Sanches will testify in English.

ix.    ***Deposition Designations***

        The parties do not intend to offer any deposition testimony in their cases in chief.

They reserve the right to do so in the unanticipated event that a witness scheduled to

testify in person is unavailable.  They reserve the right to use deposition testimony for

impeachment purposes.


x.    ***Exhibits***

Plaintiffs' Exhibits:

        Plaintiffs reserve the right to offer additional exhibits for the purpose of

impeachment.

| Exhibit | Description | Objection |
|---------|-------------|-----------|
| P-1 | Complaint | |
| P-2 | Answer to the Complaint | |
| P-3 | Defendants Responses to Interrogatories | |
| P-4 | Defendants' Records of Plaintiffs' Pay | |
| P-5 | Text Messages of Plaintiff Luis Alberto Romano Pareja | |
| P-6 | Employment Verification Letters re: Florindo Flores Ramales | |

Defendants' Exhibits:

        Defendants reserve the right to offer additional exhibits for the purpose of

impeachment.

| Exhibit | Description | Objection |
|---------|-------------|-----------|
| D-1 | Complaint | |
| D-2 | First Amended Complaint | |
| D-3 | Second Amended Complaint | |
| D-4 | Answer to Second Amended Complaint | |
| D-5 | Plaintiffs' Interrogatory Responses | |
| D-6 | VBFS, Inc. Payroll ledger book records (2013-2019) | |

**xi.**     ***Statement of Damages***

Minimum Wage and Overtime Damages

      Plaintiffs maintain that Defendants are liable for minimum and overtime wages in the following amounts:

      Lorena Martinez: $4,920.00

      Manuel Carranza Cayetano: $101,064.00

      Fidadelfo Baldemar Rojas Lopez: $9,979.00

      Florindo Flores-Ramales: $28,572.50

      Luis Alberto Romano Pareja: $28,851.00

      The damages are calculated by determining the pay Plaintiffs would have received each week if he was paid at the appropriate minimum wage and overtime wage for all hours worked, and subtracting the amount Plaintiffs was actually paid for each week.

      Defendants deny liability and put the Plaintiffs to his burden of proof.

Liquidated Damages on Minimum Wage and Overtime Damages

Plaintiff maintains the Defendants are liable for liquidated damages in the amount the following amounts:

Lorena Martinez: $4,920.00

Manuel Carranza Cayetano: $101,064.00

Fidadelfo Baldemar Rojas Lopez: $9,979.00

Florindo Flores-Ramales: $28,572.50

Luis Alberto Romano Pareja: $28,851.00

The damages are calculated by multiplying the weekly unpaid wages by 100%.

Defendants deny liability and put the Plaintiff to his burden of proof.

Unpaid Spread of Hours Wages Under the New York Labor Law

Plaintiff Florindo Flores Ramales maintains the Defendants are liable for spread of hours damages in the amount of $6,454.00.

Spread of hours damages are calculated by multiplying the minimum wage rate by the number of dates that Plaintiff worked a spread of hours of more than ten.

Defendants deny liability and put the Plaintiff to his burden of proof.

Liquidated Damages on Unpaid Spread of Hours Wages Under the New York Labor Law

Plaintiff Florindo Flores Ramales maintains the Defendants are liable for spread of hours liquidated damages in the amount of $6,454.00.

Liquidated damages on spread of hours violations are calculated as 100% of the spread of hours damages.

Defendants deny liability and put the Plaintiff to his burden of proof.

Violation of New York Annual Wage Notice Law

Plaintiffs maintain Defendants are liable in the amount of $5,000 to each Plaintiff.

The damages are calculated by multiplying the number of days the violation persisted for by $50, up to a maximum of $5,000.

Defendants deny liability and put the Plaintiffs to their burden of proof.

<u>Violation of New York Wage Statement Law</u>

Plaintiffs maintain Defendants are liable in the amount of $5,000 to each Plaintiff.

The damages are calculated by multiplying the number of weeks the violation occurred for by $250, up to a maximum of $5,000.

Defendants deny liability and put the Plaintiffs to their burden of proof.

<u>Tools of the Trade</u>

Plaintiff Manuel Carranza Cayetano maintains Defendants are liable in the amount of $3,680.00.

The damages are calculated as the amount spent by Plaintiff Carranza on bicycles and related equipment needed for the performance of his job.

Defendants deny liability and put the Plaintiff to his burden of proof.

<u>Prejudgment Interest and Attorneys' Fees.</u>

Plaintiff maintains that Defendants are liable for prejudgment interest and attorneys' fees, in amounts to be determined after trial.

Defendants deny liability and put the Plaintiff to his burden of proof.


### *xii.* **Less than Unanimous Verdict**

The parties do not consent to less than a unanimous verdict.

SO ORDERED:

Dated: New York, New York

       _____, 20\_\_\_

                                 _____
                                  HON. GREGORY H. WOODS
                                  United States District Judge