# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

jandrophy@faillacelaw.com

February 28, 2020

**BY ECF**
Honorable James L. Cott
United States Magistrate Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Martinez Aguilar, et al v. VBFS Inc. et al.;*
       19-cv-00621-JLC

Your Honor:

This office represents plaintiffs Lorena Martinez Aguilar, Manuel Carranza Cayetano, Fidadelfo Baldemar Rojas Lopez, Luis Alberto Romano Pareja, and Florindo Flores-Ramales in the above referenced matter. Plaintiffs write jointly with defendants VBFS Inc. (d/b/a M & M Market Deli), Virgilio Branco, and Fernando Pinho Sanches to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions and a settlement conference before Your Honor. A copy of the Agreement is attached hereto as "Exhibit A."  We therefore ask the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House</u>, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

*Certified as a minority-owned business in the State of New York*

455486v1

1. **Background**

Plaintiffs filed their Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the wage notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

Specifically, Plaintiffs alleged that Plaintiff Martinez worked from (as is relevant to this action) January 2013 to July 2014, working 57 to 66.5 hours per week. She was paid at the rate of $8.50 per hour for all hours worked. Plaintiff Carranza worked from January 2013 to June 2018 approximately 60 hours per week, and from July 2018 to 2019 54 hours per week. He was paid fixed weekly salaries over the course of his employment, which ranged from $250 per week to $594 per week. Plaintiff Lopez was employed from 2012 to 2017 and worked 47-52 hours per week, and was paid $9 per hour until approximately September 2016, and $10 per hour thereafter. Plaintiff Flores-Ramales worked from 2013 to December 2017, working 72 hours per week until June 2015 and thereafter working 57 hours per week. His hourly pay ranged from $9 per hour to $11 per hour. Plaintiff Romano Pareja worked from April 2013 to April 2018 working 48 hours per week and his pay ranged from $6.50 per hour to $10 per hour.

Defendants acknowledged some liability but disagreed with the specific allegations as to the periods of time worked, the number of hours worked and the amount of pay received.

The parties reached settled only after completing discovery, including depositions of all parties, and submitting pretrial materials for a jury trial scheduled to begin February 17, 2020.

Page 3

## 2. Settlement Terms

Plaintiffs calculated that they were entitled to back wages of approximately $173,386. Plaintiffs estimated that if they had recovered in full for their claims, they would be entitled to approximately $480,000 which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. Defendants performed their own calculation, without admitting liability, which calculated that Plaintiffs were collectively owed approximately $105,000.

The parties have agreed to settle this action for the total sum of $150,000.00. The settlement will be paid in an initial payment of $50,000 following by an additional thirty-six (36) installments of $2,777.78 each.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Defendants maintain that Plaintiffs worked less hours and were paid more in wages than they claimed, and were willing to provide witnesses and other evidence to this effect. The parties litigated the case nearly to trial, reaching an agreement in principle at a settlement conference just two months before trial was scheduled.

Plaintiffs also were concerned about their ability to recover a large judgment from Defendants, who operate a single deli.

Page 4

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with the Plaintiffs, Plaintiffs' counsel will receive $51,087.20 from the settlement fund as attorneys' fees and costs. This represents costs of $1,630.80 plus one third of the recovery in this litigation after costs, as well as a reduction in fees from what is identified in Plaintiffs' retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

Plaintiffs' counsel's lodestar in this case is $18,535.00 plus costs of $1,630.80, for a total of $20,165.80. A copy of Plaintiffs' billing record is attached as "Exhibit B." While Plaintiffs' counsel are asking for more than their lodestar, the amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. Additionally, everyone covered by this settlement has already agreed to the fee provided for in the settlement.

Given Plaintiffs' counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain an excellent result with relatively low expense due to the parties' cooperative exchange of information and frequent and on-going

Page 5

negotiations. A brief biography of each attorney who performed billed work in this matter is as follows:

      i.      Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, Faillace was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. Faillace is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work is indicated by the initials "MF."

      ii.      I am Senior Attorney at Michael Faillace & Associates, P.C. I have practiced litigation since 2005, and have concentrated my practice in wage and hour litigation since 2013. I am a graduate of Columbia Law School, 2005. Before joining Michael Faillace & Associates, P.C., I worked for seven years as a commercial and employment litigation associate at Olshan Frome Wolosky. I was named a Super Lawyers Rising Star from 2014 through 2018. My work is indicated by the initials "JA" and billed at the rate of $400 per hour.

      iii.      Work performed by paralegals is indicated by the initials "PL" and billed at the rate of $100 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Page 6

                Respectfully submitted,

                <u>/s/Joshua S. Androphy</u>
                Joshua S. Androphy
                MICHAEL FAILLACE & ASSOCIATES, P.C.
                Attorneys for the Plaintiff

Enclosures