```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/3/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
:
LORENA MARTINEZ AGUILAR and :
MANUEL CARRANZA CAYETANO, :
*individually and on behalf of others similarly* :
*situated,* :
:
                      Plaintiffs, : **ORDER**
:
        -v- : 19-CV-621 (JLC)
:
VBFS INC., *d/b/a* M&M MARKET DELI, :
VIRGILIA BRANCO, and FERNANDO PINHO :
SANCHES, :
:
                      Defendants. :
---------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 56) and have now submitted a joint "fairness letter" (Dkt. No. 61) and a fully executed settlement agreement (Dkt. No. 61-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, plaintiffs in this case have expressed serious concerns about collectability and have agreed to a payment schedule, which "militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk

that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint letter motion and the proposed settlement agreement, and having participated in a lengthy conference that led to the settlement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs under *Fisher v. SD Protection Inc.*, 948 F.3d 593 (2d Cir. 2020))[1] appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)), <u>with the following exception</u>: Section 5 of the settlement agreement prohibits plaintiffs from seeking future employment with defendants "in any capacity." (Dkt. No. 61-1 at 5). Provisions that require plaintiffs to waive future employment with defendants are "highly restrictive provision[s] in 'strong tension with the remedial purposes of the FLSA.'" *Baikin v. Leader Sheet Metal, Inc.*, No. 16-CV-8194 (ER), 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) (quoting *Cheeks*, 796 F.3d at 206)). As a result, "[c]ourts in this Circuit have consistently rejected FLSA settlements that seek to prevent plaintiffs from having a future employment relationship with the defendant as contrary to the underlying aims of the FLSA." *Burgos v. Ne. Logistics, Inc.*, No. 15-CV-6840 (CBA) (CLP), 2018 WL 2376481, at *7 (E.D.N.Y. Apr. 26, 2018) (collecting cases), *adopted by*, 2018 WL 2376300 (E.D.N.Y. May 24, 2018). Moreover, the parties herein "offer not a shred of explanation—and cite no cases—to justify inclusion of" this provision. *Nieto v. Izzo Constr. Corp.*, No. 15-CV-6958 (RML), 2018 WL 2227989, at *2 (E.D.N.Y. May 14, 2018) (denying motion for approval of settlement agreement containing, *inter alia*, a "no-reemployment/no-

---

[1] The Court's approval of the allocation of attorneys' fees should not be construed or cited as an approval of the hourly rate of plaintiffs' counsel.

rehire clause").[2]  Thus, the Court will not approve this provision. Any re-submitted settlement agreement should not include a "no re-employment" provision such as the one contained in Section 5.

Accordingly, the parties' application to approve the settlement agreement is denied without prejudice to renewal.[3]  By **March 16, 2020**, the parties are to provide a revised settlement agreement that addresses the foregoing issue or otherwise advise the Court as to whether they intend to proceed with the litigation.

Assuming they revise their agreement, the parties are also directed to submit a stipulation of dismissal with prejudice and file it on the docket for the Court's approval by **March 16, 2020**.[4]

**SO ORDERED.**

Dated: March 3, 2020
　　　　New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[2]  Indeed, in its order scheduling the parties' settlement submissions, the Court specifically directed the parties to its decision in *Cruz v. Relay Delivery, Inc.*, 17-CV-7475 (JLC), 2018 WL 4203720 (S.D.N.Y. Sept. 4, 2018), in which it rejected a "no future employment" provision similar for all intents and purposes to the one presented here; apparently the parties failed to review this decision in preparing their settlement agreement.

[3]  As the settlement agreement contains no severability provision, the Court cannot simply strike this provision and otherwise approve the proposed settlement. The Court does not read the "enforceability" provision set forth in section 11 as allowing the Court simply to strike section 5 from the Agreement and otherwise approve it.

[4]  In paragraph 2(a) of the Settlement Agreement, the parties indicated they would submit an executed stipulation of dismissal in the form attached as Exhibit A to the Agreement (Dkt. No. 61-1 at 12), but they failed to do so with their original submission.