UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORENA MARTINEZ AGUILAR, MANUEL CARRANZA CAYETANO, FIDADELFO BALDEMAR ROJAS LOPEZ, FLORINDO FLORES-RAMALES, and LUIS ALBERTO ROMANO PAREJA,<br><br>*Plaintiffs*,<br><br>-against-<br><br>VBFS INC. (D/B/A M & M MARKET DELI), VIRGILIO BRANCO, and FERNANDO PINHO SANCHES,<br><br>*Defendants*. | 19-CV—00621 (GHW)(JLC)<br>**SETTLEMENT AGREEMENT**<br>**AND**<br>**GENERAL RELEASE** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs LORENA MARTINEZ AGUILAR, MANUEL CARRANZA CAYETANO, FIDADELFO BALDEMAR ROJAS LOPEZ, FLORINDO FLORES-RAMALES, and LUIS ALBERTO ROMANO PAREJA (collectively, the "Plaintiffs"), on the one hand, and VBFS, INC. (D/B/A M & M MARKET DELI) (the "Defendant Corporation"), VIRGILIO BRANCO, and FERNANDO PINHO SANCHES (collectively, the "Individual Defendants") (the Defendant Corporation and the Individual Defendants are referred to collectively herein as the "Defendants") (the Plaintiffs and the Defendants may be referred to collectively herein as the "Parties"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York (the "Court") entitled Aguilar, et al. v. VBFS Inc., et al., Civil Action No: 1:19-cv-0621 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws including the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, as amended, and related regulations (together, the "FLSA"), and the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor (together, the "NYLL"); and

WHEREAS, Defendants dispute the Plaintiffs' specific allegations regarding alleged violations of federal and state wage and hour and overtime laws; and

1231196.1

WHEREAS, the Parties mutually desire to fully resolve and forever settle the claims asserted by the Plaintiffs in the Action, as well as all disputes or potential disputes between them without the necessity of further litigation; and

WHEREAS, all Parties to this Agreement have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Agreement, and all Parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel; and

WHEREAS, all Parties to this Agreement have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion;

NOW, THEREFORE, with the intent to be legally bound hereby and in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by all of the Parties, it is hereby agreed by and between the Parties as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs and their attorneys, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the date of execution of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross total sum of One Hundred Fifty Thousand and 00/100 Dollars (**$150,000.00**) (the "Settlement Amount") to be paid to Plaintiffs and Plaintiffs' attorneys in 37 separate monthly installments, as follows:

(a) Installment One: A payment in the amount of $50,000.00 due on March 1, 2020, for immediate deposit. The payment shall be made as follows: (i) one check to Michael Faillace & Associates, P.C. in the amount of $17,029.07; (ii) one check to Lorena Martinez Aguilar in the amount of $989.13; (iii) one check to Manuel Carranza Cayetano in the amount of $19,782.56; (iv) one check to Florindo Flores-Ramales in the amount of $2,307.97; (v) one check to Fidadelfo Baldemar Rojas Lopez in the amount of $6,594.19; and (vi) one check to Luis Alberto Romano Pareja in the amount of $3,297.09.

(b) Installments Two through Thirty Seven: A payment in the amount of $2,777.78 for deposit on April 1, 2020, and on the 1st of each month for 35 additional months, with the last payment due March 1, 2023. Each payment shall be made as follows: (i) one check to Michael Faillace & Associates, P.C. in the amount of $946.06; (ii) one check to Lorena Martinez Aguilar in the amount of $54.95; (iii) one check to Manuel Carranza Cayetano in the amount of $1,099.03; (iv) one check to Florindo Flores-Ramales in the amount of $128.22; (v) one check to Fidadelfo Baldemar Rojas Lopez in the amount of $366.34; and (vi) one check to Luis Alberto Romano Pareja in the amount of $183.17.

(c) All payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165.

2(a). The Parties shall jointly provide this Agreement to the Court for review and approval, together with an executed Stipulation of Voluntary Dismissal with Prejudice in the form annexed to this Agreement as Exhibit A. This Agreement shall not become final and binding upon the Parties until it has been approved by the Court as a fair and reasonable disposition of the Plaintiffs' FLSA claims asserted in the Action and until all of the Plaintiffs' claims asserted in the Action have been dismissed in their entirety with prejudice. The Parties shall jointly request that the Court retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment in the event of Defendants' failure to adhere to the payment schedule by a breach and failure to cure as described below.

2(b). In the event that the Settlement Amount is not paid by the payment dates set forth in paragraph 1 above, or any check fails to clear (i.e., bounces) on its respective payment date, Plaintiffs' counsel shall serve a written notice ("Default Notice") upon counsel for the Defendants by email and certified mail, and the Defendants shall have ten (10) days from the date of delivery of the Default Notice to cure the default by making such payment, and in the event of a bounced check by paying an additional amount of $25.00 for each bounced check to reimburse for the time and costs of each such bounced check. Upon Defendants' failure to cure a default within ten (10) days of delivery of the Default Notice, counsel for Plaintiffs may immediately file the Affidavits of Confession of Judgment, the form of which is appended hereto as Exhibit B.

2(c). Plaintiffs shall be solely responsible for any taxes resulting from payments received under the Agreement. Plaintiffs shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from payments under this Agreement. As a necessary precondition to receiving any payment pursuant to this Agreement, each of the Plaintiffs must provide Defendants with properly completed, duly executed IRS Forms W-9 and Michael Faillace & Associates, P.C. must provide Defendants with a properly completed, duly executed IRS Form W-9.

3. <u>Release and Covenant Not To Sue</u>: In consideration for the payment of the Settlement Amount, as well as for other good and valuable consideration, Plaintiffs hereby irrevocably and unconditionally release and forever discharge Defendants and Defendants' respective heirs, predecessors, successors, assigns, affiliates, corporations under common ownership or control, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives, insurers or fiduciaries, past, present or future (hereinafter referred to collectively as the "Releasees") from any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim" or "claims") which each Plaintiff at any time has, had, claims, claimed, or may claim to have against Defendants relating in any way to their employment with Defendants and regarding any events claimed to have occurred as of the date of execution of this Agreement, including, without limitation, any and all claims related or in any manner incidental to the Litigation, such Plaintiff's employment, terms and conditions thereof, or cessation thereof, or any liability under any contract, tort, federal, state or local fair employment practices law or civil

rights law or any other law, including, but not limited to, the New York State Executive Law (including the New York State Human Rights Law), the New York City Administrative Code (including the New York City Human Rights Law), Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, Sections 1981 through 1988 of Title 42 of the United States Code, the Americans With Disabilities Act, the Age Discrimination in Employment Act, Older Workers' Benefit Protection Act, the Employee Retirement Income Security Act, COBRA, the Family and Medical Leave Act, the Fair Labor Standards Act, New York State Labor Law, New York City Labor Law, the Genetic Information Non-discrimination Act, the Immigration Reform and Control Act, the Worker Adjustment and Retraining Notification Act, the Fair Credit Reporting Act, any other federal, state or local laws, including, but not limited to, human rights, civil rights, discrimination, wage-hour, wage-payment, pension, whistleblower, labor or other laws, rules and/or regulations, constitutions, ordinances, public policies, contracts or tort laws, retaliation claims under any federal, state, or local law, any amendments to any of the foregoing laws, any benefit, payroll or other plan, policy or program, or any and all common law claims, including claims for breach of contract, wrongful discharge, breach of express or implied contract, breach of an implied covenant of good faith and fair dealing, violation of public policy, defamation or misrepresentation, or any claim for attorneys fees, physical or emotional distress or injuries, punitive damages, liquidated damages, compensatory damages, or any other duty or obligation of any kind or description whether arising in law or equity, except that nothing in this Agreement shall operate to preclude Plaintiffs from enforcing, or shall adversely affect Plaintiffs' right or ability to enforce this Agreement.  Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs regarding events that have occurred as of the date of execution of this Agreement.  To the fullest extent permitted by law, the Plaintiffs promise not to sue or bring any charges, complaints or lawsuits related to the claims hereby released against the Releasees in the future, individually or as members of a class.  The Plaintiffs also specifically release their rights to recover any money whatsoever from any of the Releasees in connection with any charge, claim or complaint filed against any of the Releasees by anyone with any government agency, to the fullest extent permitted by law.  This waiver, release and promise not to sue is binding on the Plaintiffs, their heirs, legal representatives and assigns.  The Plaintiffs specifically waive and release any right to become a member of any class or collective action in any proceeding or case in which a claim or claims against any of the Releasees may arise from any event which occurred prior to Plaintiffs' execution of this Agreement. It is understood that if the Plaintiffs, by no action of their own, become a member of any such class or collective, that the Plaintiffs shall take all steps necessary to opt out of any such class or collective action. Nothing in this Agreement prohibits or prevents the Plaintiffs from filing a charge with or participating, testifying, or assisting in any investigation, hearing or other proceeding before any federal, state, or local government agency.  However, to the maximum extent permitted by law, the Plaintiffs agree that if such an administrative claim is made, the Plaintiffs shall not be entitled to recover any individual monetary relief or other individual remedies and all monies paid hereunder shall be set-off in full against any relief or recovery of any kind without apportionment.

    4.  <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

5.  Par. 5 removed by 3/3/20 amendment.

6. <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by proper representatives of Plaintiffs and Defendants.

7. <u>Acknowledgment</u>: Each Plaintiff acknowledges that he/she has been fully and fairly represented by counsel in this matter, and that they have reviewed all of the terms of this Agreement with their attorneys and have had it translated into their native language(s) if other than English. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

8. <u>Non-reliance on Other Statements, Representations</u>: Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement. This Agreement, when signed by all Parties, shall constitute the entire understanding and agreement between the Parties and supersedes and cancels any and all prior oral and written agreements, if any, between and among them.

9. <u>Notices</u>: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 2020
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Nils C. Shillito, Esq.
STEPHEN D. HANS & ASSOCIATES, PC

30-30 Northern Boulevard, Suite 401
Long Island City, New York 11101
Tel: 718.275.6700
Fax: 718.275.6704
nshillito@hansassociates.com

10. <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The Parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

11. <u>Enforceability:</u> If any provision of this Agreement, or any part thereof, is held to be illegal, void, or unenforceable, such provision, or part thereof, shall be of no force or effect. However, the illegality or unenforceability of such provision, or part thereof, shall have no effect upon, and shall not impair the legality or enforceability of, the remaining portion of such provision or any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute and deliver to Defendants a release, waiver and/or covenant that is legal and enforceable.

12. <u>Release Notification:</u> Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and each Plaintiff acknowledges that he/she has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C. Each Plaintiff acknowledges that it is his/her choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his/her attorneys. Each Plaintiff confirms that this Settlement Agreement and Release has been translated to him/her in Spanish and that he/she understands the terms of this Agreement and that he/she is signing this Agreement voluntarily.

13. <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and General Release, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This Agreement may be executed and delivered with original signatures or by facsimile or PDF-scanned signatures, either of which shall be deemed legally binding as fully as an original signature.

14. <u>Non-Assignment of Claims</u>: The Plaintiffs represent and warrant that they have not assigned or transferred, nor purported to assign or transfer, to any person, firm, or corporation whatsoever, any of the matters released in this Agreement.

15. <u>Joint Preparation</u>. The language of all parts of this Agreement shall in all cases be construed as a whole, extending to it its fair meaning, and not strictly for or against any of the Parties. The Parties agree that, in consultation with their attorneys, they have jointly prepared and approved the language of the provisions of this Agreement, and that should any dispute arise concerning the interpretation of any provision hereof, neither the Plaintiffs nor the Defendants shall be deemed the drafters, nor shall any such language be presumptively construed in favor of or against either the Plaintiffs or the Defendants.

16. <u>Captions</u>. Paragraph captions contained in this Agreement have been inserted herein only as a matter of convenience and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision hereof.

[THIS SPACE INTENTIONALLY LEFT BLANK]

**THEREFORE**, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

Dated: 02/27/20

_____
LORENA MARTINEZ AGUILAR

STATE OF NEW YORK )
  )SS.:
COUNTY OF  )

On 2/27/, 2020 before me personally came to me LORENA MARTINEZ AGUILAR known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that she executed the same.

_____
Notary Public

> Matthew P Russo
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 02RU6327177
> Qualified in New York County
> Commission Expires 06/29/2023

Dated: 02-28-2020

_____
MANUEL CARRANZA CAYETANO

STATE OF NEW YORK )
  )SS.:
COUNTY OF New York )

On Feb 28, 2020 before me personally came to me MANUEL CARRANZA CAYETANO known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

> JOSHUA S. ANDROPHY
> Notary Public, State of New York
> No. 02AN6166515
> Qualified in New York County
> Commission Expires August 17, 2015
> Jan. 8, 2024

_____
Notary Public

Dated: 02-28-2020

_____
FIDADELFO BALDEMAR ROJAS LOPEZ

STATE OF NEW YORK )
  )SS.:
COUNTY OF New York )

On Feb 28, 2020 before me personally came to me FIDADELFO BALDEMAR ROJAS LOPEZ known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

> JOSHUA S. ANDROPHY
> Notary Public, State of New York
> No. 02AN6166515
> Qualified in New York County
> Commission Expires August 17, 2015
> Jan 8, 2024

Matthew P Russo
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02RU6327777
Qualified in New York County
Commission Expires 04/29/2023

Dated: 2-28-2020 _____
                    FLORINDO FLORES-RAMALES

STATE OF NEW YORK     )
                      )SS.:
COUNTY OF New York    )

On Feb 28, 2020 before me personally came to me FLORINDO FLORES-RAMALES known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

JOSHUA S. ANDROPHY
Notary Public, State of New York
No. 02AN6166515
Qualified in New York County
Commission Expires August 17, 2015
Jan. 8, 2024

Dated: 2/28/20 _____
               LUIS ALBERTO ROMANO PAREJA

STATE OF NEW YORK     )
                      )SS.:
COUNTY OF New York    )

On Feb 28 2020 before me personally came to me LUIS ALBERTO ROMANO PAREJA known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

JOSHUA S. ANDROPHY
Notary Public, State of New York
No. 02AN6166515
Qualified in New York County
Commission Expires August 17, 2015
Jan. 8, 2024

Dated: 2/28/2020

_____
VIRGILIO BRANCO individually and as Owner
and President of VBFS INC. (D/B/A M & M
MARKET DELI)

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF QUEENS     )

On FEBRUARY 28, 2020 before me personally came to me VIRGILIO BRANCO, known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, individually and on behalf of VBFS INC. (D/B/A M & M MARKET DELI), and duly acknowledged to me that he executed the same.

_____
Notary Public

NILS C. SHILLITO
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SH6180399
Qualified in Queens County
My Commission Expires January 14, 2024

Dated: 2-28-2020

_____
FERNANDO PINHO SANCHES

STATE OF NEW YORK    )
                     )SS.:
COUNTY OF QUEENS     )

On FEB. 28, 2020 before me personally came to me FERNANDO PINHO SANCHES known and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

NILS C. SHILLITO
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SH6180399
Qualified in Queens County
My Commission Expires January 14, 2024

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORENA MARTINEZ AGUILAR, MANUEL CARRANZA CAYETANO, FIDADELFO BALDEMAR ROJAS LOPEZ, FLORINDO FLORES-RAMALES, and LUIS ALBERTO ROMANO PAREJA,<br><br>*Plaintiffs,*<br><br>-against-<br><br>VBFS INC. (D/B/A M & M MARKET DELI), VIRGILIO BRANCO, and FERNANDO PINHO SANCHES,<br><br>*Defendants.* | 19-CV—00621 (JLC)<br><br>**STIPULATION OF DISCONTINUANCE** |

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties, that the plaintiffs' second amended complaint and any and all claims that were or could have been asserted in this action by any party are hereby dismissed in their entirety, with prejudice, and with each party to bear its own costs, expenses, disbursements, and attorneys' fees. The Court shall continue to maintain jurisdiction over the action for purposes of enforcement of the parties' settlement agreement.

Date: New York, New York
        February ___, 2020

| | |
|---|---|
| Nils C. Shillito, Esq.<br>STEPHEN D. HANS & ASSOCIATES, PC<br>30-30 Northern Boulevard, Suite 401<br>Long Island City, New York 11101<br>Tel: 718.275.6700<br>Fax: 718.275.6704<br>nshillito@hansassociates.com<br>*Attorneys for Defendants* | Joshua S. Androphy, Esq.<br>**MICHAEL FAILLACE & ASSOCIATES, P.C.**<br>60 East 42nd. St. Suite 4510<br>New York, NY 10165<br>Tel.: 212.317.1200<br>*Attorneys for Plaintiffs* |

**EXHIBIT B**

**NEW YORK STATE SUPREME COURT**
**NEW YORK COUNTY**
-------------------------------------------------------------X
LORENA MARTINEZ AGUILAR, MANUEL
CARRANZA CAYETANO, FIDADELFO
BALDEMAR ROJAS LOPEZ, FLORINDO
FLORES-RAMALES, and LUIS ALBERTO
ROMANO PAREJA,

                *Plaintiffs*,

     -against-

VBFS INC. (D/B/A M & M MARKET DELI),
VIRGILIO BRANCO, and FERNANDO PINHO
SANCHES,

                *Defendants*.
-------------------------------------------------------------X

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK   )
                                ) ss.
COUNTY OF NEW YORK )

       Virgilio Branco, being duly sworn, deposes and says:

       1.     I, VIRGILIO BRANCO, am the Chairman or Chief Executive Officer of VBFS INC. with the principal place of business located at 529 Broome Street, New York, NY 10013.

       2.     I reside at 289 Second Street, Jersey City, New Jersey, 07302.

       3.     I have authority to sign on behalf of VBFS INC. and I am duly authorized to make this affidavit on the undersigned entity's behalf.

       4.     Provided there shall have been an event of default in the payment of the sums due under the settlement agreement and release dated February __, 2020 (the "Settlement Agreement and Release") signed by Plaintiffs and Defendants in the above captioned proceeding and such default has continued uncured and unpaid for a period in excess of ten (10) days after notice and an opportunity to cure as provided therein, then, upon submission of Plaintiffs' counsel's

attorney affirmation attesting to such default under oath, on behalf of VBFS INC.., I hereby confess judgment and authorize entry of judgment against me personally and against VBFS INC. in favor of Plaintiffs for the sum of $190,000.00, <u>less any payments previously received</u> pursuant to the terms of the Settlement Agreement and General Release, together with interest from the date of the default to the date of entry of judgment, and reasonable attorneys' fees incurred in entering and enforcing the judgment.

5. This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment against of each of VBFS INC. and VIRGILIO BRANCO, jointly and severally, against all property, of any kind, in which any of them, collectively or individually, have any ownership interest.

_____
VIRGILIO BRANCO as Chief Executive Officer of
VBFS INC.

Sworn to before me this
\_\_\_\_ day of _____ of 2020

_____
Notary Public

## CORPORATE ACKNOWLEDGMENT
## OF VBFS INC.

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF _____  )

On the ___ day of _____, 2020, before me personally came VIRGILIO BRANCO, as the Chief Executive Officer of VBFS INC., to me known who, being by me duly sworn, did depose that he is the Chief Executive Officer of VBFS INC. ., and that he is the individual described in and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

_____
Notary Public

## PERSONAL ACKNOWLEDGMENT OF VIRGILIO BRANCO

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF _____  )

On the ___ day of _____ 2020, before me personally came VIRGILIO BRANCO, to me known who, being by me duly sworn, did depose and say that he is the individual described herein and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

_____
Notary Public

NEW YORK STATE SUPREME COURT
NEW YORK COUNTY
-----------------------------------------------------------X
LORENA MARTINEZ AGUILAR, MANUEL
CARRANZA CAYETANO, FIDADELFO
BALDEMAR ROJAS LOPEZ, FLORINDO
FLORES-RAMALES, and LUIS ALBERTO
ROMANO PAREJA,

       *Plaintiffs*,

 -against-

VBFS INC. (D/B/A M & M MARKET DELI),
VIRGILIO BRANCO, and FERNANDO PINHO
SANCHES,
       *Defendants.*
-----------------------------------------------------------X

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK )
        ) ss.
COUNTY OF NEW YORK )

 Fernando Pinho Sanches, being duly sworn, deposes and says:

1. I reside at 43 Reinhold Terrace, Union, New Jersey 07083.

2. Provided there shall have been an event of default in the payment of the sums due under the settlement agreement and release dated February __, 2020 (the "Settlement Agreement and Release") signed by Plaintiffs and Defendants in the above captioned proceeding and such default has continued uncured and unpaid for a period in excess of ten (10) days after notice and an opportunity to cure as provided therein, then, upon submission of Plaintiffs' counsel's attorney affirmation attesting to such default under oath, I hereby confess judgment and authorize entry of judgment against me personally in favor of Plaintiffs for the sum of $190,000.00, <u>less any payments previously received</u> pursuant to the terms of the Settlement Agreement and General Release, together with interest from the date of the default to the date of entry of judgment, and reasonable attorneys' fees incurred in entering and enforcing the

1231196.1

judgment.

3. This Confession of Judgment is for a debt justly due to Plaintiffs pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

4. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment against me, against all property, of any kind, in which any of them, collectively or individually, have any ownership interest.

_____
FERNANDO PINHO SANCHES

Sworn to before me this
\_\_\_\_ day of _____ of 2020

_____
Notary Public

### PERSONAL ACKNOWLEDGMENT OF FERNANDO PINHO SANCHES

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF _____ )

On the \_\_\_ day of _____ 2020, before me personally came FERNANDO PINHO SANCHES, to me known who, being by me duly sworn, did depose and say that he is the individual described herein and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

_____
Notary Public

## AMENDMENT TO SETTLEMENT AGREEMENT

This supplemental agreement (hereinafter the "Amendment") is hereby made and entered into by and between the plaintiffs LORENA MARTINEZ AGUILAR, an individual, MANUEL CARRANZA CAYETANO, an individual, FIDADELFO BALDEMAR ROJAS LOPEZ, an individual, FLORINDO FLORES-RAMALES, an individual, and LUIS ALBERTO ROMANO PAREJA, an individual (collectively, the "Plaintiffs"), on the one hand, and VBFS, INC. d/b/a M&M Market Deli, a New York corporation, VIRGILIO BRANCO, an individual, and FERNANDO PINHO SANCHES, an individual (collectively, the "Defendants"), on the other hand (the Plaintiffs and the Defendants may be referred to collectively herein as the "Parties").

WHEREAS, on February 28, 2020 the Parties filed their fully executed settlement agreement (the "Agreement") (Document # 61) with the Court seeking fairness approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); and

WHEREAS, the Court, by Order dated March 3, 2020, declined to approve the Agreement due to the inclusion of the "No Future Employment" clause set forth in Paragraph 5 thereof; and

WHEREAS, the Parties now wish to amend and modify the Agreement to remove Paragraph 5 therefrom; and

WHEREAS, Paragraph 6 of the Agreement expressly provides that the terms of the Agreement may be modified in a writing "signed by proper representatives of Plaintiffs and Defendants";

NOW, THEREFORE, with the intent to be legally bound hereby and in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, IT IS HEREBY AGREED by and between the Parties that the Agreement is hereby modified and amended as follows:

(1) Paragraph 5 of the Agreement, entitled "No Future Employment" is hereby stricken from the Agreement in its entirety.

(2) Governing Law. This Amendment and the rights and obligations of the Parties hereunder are to be governed by and construed and interpreted in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within New York, without regard to choice or conflict of laws principles.

(3) Continuing Effect of Original Settlement Agreement. With the exception of any and all terms and provisions that have been specifically modified and/or superseded by the terms of this Amendment, all other terms and provisions of the Agreement shall remain in full force and effect.

1

(4) <u>Captions</u>: Paragraph captions contained in this Amendment have been inserted herein only as a matter of convenience and in no way define, limit, extend or describe the scope of this Amendment or the intent of any provision hereof.

(5) <u>Joint Preparation</u>: The language of all parts of this Amendment shall in all cases be construed as a whole, extending to it its fair meaning, and not strictly for or against any of the Parties. The Parties agree that, in consultation with their attorneys, they have jointly prepared and approved the language of the provisions of this Amendment, and that should any dispute arise concerning the interpretation of any provision hereof, neither the Plaintiffs nor the Defendants shall be deemed the drafters, nor shall any such language be presumptively construed in favor of or against either the Plaintiffs or the Defendants.

(6) <u>Counterparts</u>: This Amendment can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all Parties hereto had signed the same signature page. A facsimile or scanned copy of any Parties' signature shall be deemed as legally binding as an original signature.

(7) <u>Execution By Counsel Sufficient</u>: The Parties agree that this Amendment is being validly executed by counsel for the Parties pursuant to Paragraph 6 of the Agreement, as counsel are proper representatives of the Plaintiffs and the Defendants, respectively.

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____
Joshua S. Androphy
60 East 42nd Street, Suite 4510
New York, New York 10165
Tel: (212) 317-1200
*Attorneys for the Plaintiffs*

Dated: March 6, 2020

STEPHEN D. HANS & ASSOCIATES, P.C.

By: _____
Nils C. Shillito
30-30 Northern Boulevard, Suite 401
Long Island City, New York 11101
Tel: (718) 275-6700
*Attorneys for the Defendants*

Dated: March 3, 2020

2